STATE EX REL. SLIGH, *v.* REEK, COUNTY CLERK OF
GRANITE COUNTY.

[Submitted October 21, 1896.   Decided October 22, 1896.]

ELECTIONS—*Injunction—Dismissal for laches.*—An application to this court for an injunction to restrain a county clerk from placing certain names upon the official ballot, which involves a contention between two rival conventions of a political party, each claiming to be the only regular convention of that party and nominating candidates for the same county offices, and each being composed of delegates as to whom there was a showing that they were elected from the body of the electors of the county, will be dismissed for laches where the application which might have been made ten days earlier, was delayed until a time which left only a few hours for the consideration of important questions presented.

ORIGINAL PROCEEDING.   Petition for an injunction.   Application dismissed.

*McConnell & McConnell*, for Relator.

*J. W. Kinsley*, for Respondent.

PER CURIAM.—This proceeding in its nature and object is similar to the many other election ballot cases which we have heard during this week.   The relator seeks to restrain the county clerk from placing upon the official ballot certain names.   The question raised here differs somewhat from that presented in any of the other cases.   The contention between the relator and the person whom he seeks to have excluded from the official ballot is: this relator and his associates claim to be the nominees of the Silver Republican party of Granite county duly nominated by a regular convention of that party. The persons whose nominations he attacks make precisely the the same claim, in other words, we have a contention between two rival conventions each naming candidates for the same county offices and each convention claiming to be the only regular convention of the Silver Republican party.   It appears that each convention was in fact composed of delegates as to whom there is a showing that they were elected from the body of the electors of the county.   This raises a question not

heretofore decided and one of very great importance. We are informed that the official ballot must be printed and advertised to-morrow. All business of this court has been set aside for the last week, and our whole attention has been occupied in the hearing of these election ballot cases. The certificate of nomination which this relator seeks to attack was filed on October 13th. The vitally important questions in the case have been allowed to rest until this time and now their consideration is thrust upon us when there is absolutely no time for a consideration which would enable us to arrive at any proper conclusion or one that would be satisfactory to ourselves or the electors. Just what may be the duty of the court as between rival conventions which make something of a showing (how satisfactory it may be we are' not prepared to say) that they were representatives and composed of delegates coming from the electors, we are not able to determine in a few hours consideration. The subject is too important and too far reaching. By reason of laches and negligence of the relator in not presenting his case so that the court would have a reasonable time for its consideration, we shall dismiss the application and refuse in any way to interfere with the action of the county clerk. We do not consider that it is our duty to stop the proceedings of an election when the question is forced upon us at this late hour.

We reserve any expression of opinion as to the merits of the case.

[Submitted October 21, 1896.  Decided October-22, 1896.]

*McConnell & McConnell*, for Relator.

*J. W. Kinsley*, for Respondent.